```
      IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

| | |
|---|---|
| **GABRIEL MADISON,** | : |
| **Plaintiff,** | : |
| **vs.** | :    CIVIL ACTION 04-00744-BH-B |
| **CLAIR SANBORN,** *et al.*, | : |
| **Defendants.** | : |

### REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se,* filed a Complaint under 42 U.S.C. § 1983 (Doc. 1), together with a Motion to Proceed Without Prepayment of Fees (Doc. 2). This action has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). Upon careful review of the Complaint, it is recommended that Plaintiff's claims against Defendants Dr. McCane, Mr. Evans, and Dr. Susan McBride be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

I.  Complaint (Doc. 1).

In his Complaint, Plaintiff alleges that on August 25, 2004, he was dismissed as a student from Jeff Davis Community College by Defendant Sanborn because he had filed complaints against her

for abusing him.  Sanborn allegedly abused Plaintiff by not allowing him to use the bathroom, to have breaks, to have haircuts, to check out literature, and to have assistance from her in the classroom.

According to Plaintiff, on August 19, 2004, Defendant McCane visited the school, and during the visit, Plaintiff explained his problem to Defendant McCane, who informed Plaintiff that she would take care of the problem.  Plaintiff alleges that he also told Defendant McCane that Defendant Evans had not responded to his written complaint, and that Defendant McCane responded that she would send Defendant Evans to talk with Plaintiff.

Plaintiff further alleges that on August 24, 2004, Defendant Evans came to the school and talked with Plaintiff and Defendant Sanborn, and that upon discovering that Plaintiff had filed a complaint against her, Defendant Sanborn taunted Plaintiff in front of the class and retaliated against him by dismissing him from school.  According to Plaintiff, he subsequently filed a complaint with Defendant McBride, which has not been responded to.  In his prayer for relief, Plaintiff requests damages and reinstatement to the school.

II.   Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court

is reviewing his complaint under 28 U.S.C. § 1915(e)(2)(B).[1] Under § 1915(e)(2)(B)(I), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, <u>Id</u>. at 327, 109 S.Ct. at 1833, the claim seeks to enforce a right which clearly does not exist, <u>Id.</u>, or there is an affirmative defense that would defeat the claim, such as the statute of limitations, <u>Clark v. Georgia Pardons & Paroles Bd.</u>, 915 F.2d 636, 640 n.2 (11th Cir. 1990). Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Neitzke</u>, 490 U.S. at 327, 109 S.Ct. at 1833. Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be

---

[1] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered. *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044, 122 S.Ct. 624, 151 L.Ed.2d 545 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal,* 251 F.3d at 1348-49.

3

proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)); *see* Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).

III. Discussion.

In his complaint, Plaintiff seeks to hold Defendants McCane, Evans, and McBride liable because they hold supervisory positions over Defendant Sanborn. In a section 1983 action, liability cannot be imposed against a supervisor based solely on the acts of a subordinate. Monell v. Department of Social Services of New York, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) (ruling that a municipality cannot be held liable in a § 1983 action under the theory of *respondeat superior* simply because it employs a tortfeasor); Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992) (finding that commissioners were not liable in their supervisory capacity because the allegations were merely an attempt to hold them liable under *respondeat superior*). Section 1983 allows only for imposition of liability against the person who causes injury to another. Monell, 436 U.S. at 692, 98 S.Ct. at 2036. That is, a defendant cannot be held liable on the basis of *respondeat superior* or vicarious liability for the constitutional violation caused by another where there is no

4

showing of a causal connection between the actions of the defendant and the constitutional violation.  Id. at 691, 98 S.Ct. at 2036; Asad v. Crosby, 2005 WL 2993866, at *4 (11th Cir. Nov. 9, 2005) (unpublished); Gonzalez v. Reno, 325 F.3d 1228, 1234-35 (11th Cir. 2003).

Furthermore, in regard to Plaintiff's claim that Defendant McBride never responded to his complaint, it is clear that there is no constitutional right to receive a response to a grievance. Brown v. Dodson, 863 F. Supp. 284, 285 (W.D. Va. 1994); Greer v. DeRobertis, 568 F. Supp. 1370, 1375 (N.D. Ill. 1983); see Mann v. Adams, 855 F.2d 639, 640 (9th Cir.) (holding there is no entitlement to a grievance procedure), cert. denied, 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 231 (1988); cf. Kilgo v. Ricks, 983 F.2d 189, 191, 194 (11th Cir. 1993) (dismissing as frivolous the claim against prison commissioner for failure to respond to inmate's complaints about the denial of medical care because there were no allegations of personal involvement or of a policy by commissioner in the underlying claim).

Accordingly, the undersigned finds that Plaintiff has failed to state a claim under section 1983 upon which relief may be granted against Defendants McCane, Evans, and McBride.

IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that Plaintiff's claims against Defendants McCane, Evans, and McBride

be dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.  Plaintiff's claims against Defendant Sanborn remain pending.

    The attached sheet contains important information regarding objections to the Report and Recommendation.

    DONE this **19th** day of **January, 2006.**

                                        **/S/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**DONE** this **19th** day of **January, 2006.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**