IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GABRIEL MADISON,                    :

    Plaintiff,                     :

vs.                                 :   CIVIL ACTION 04-00744-BH-B

CLAIR SANBORN, *et al.*,            :

    Defendants.                    :

REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's "Motion for Court Order and To Amend". (hereinafter "Motion to Amend"). (Doc. 25). This motion has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 (c)(4) for appropriate action. Upon a careful review of Plaintiff's Motion, the undersigned recommends that the Motion to Amend (Doc. 25) be denied for the reasons set forth herein.

**I. Motion to Amend. (Doc. 25).**

In his Complaint filed on November 19, 2004, Plaintiff, a state inmate, alleged that he was dismissed as a student from Jeff Davis Community College on August 25, 2004, due to complaints that he had filed against Defendant Clair Sanborn. Plaintiff also asserted claims against other defendants, who were subsequently dismissed from this action due to Plaintiff's failure to state a

claim against them.  Plaintiff filed the instant Motion to Amend on May, 18, 2006, seeking to add Ernest Marvin as a Defendant, and to add additional claims against Defendant Sanborn.

Ernest Marvin executed an affidavit which was filed with the Court, along with Defendant's Special Report.  In the affidavit, Marvin states that "[p]rior to Fall Semester 2003, I asked Ms. Clair Sanborn, who was then a fellow Adult Education instructor at the Fountain correctional education facility, if she would take over teaching Mr. Gabriel Madison, an inmate at Fountain Correctional Center who had been in my Adult Education classes since Fall Semester 1999." (Doc. 21, Ex. 4).  Marvin also indicates that he advised Defendant Sanborn that Plaintiff had created problems in his class and that he thought it would be better if Plaintiff could be transferred. (Id.).  According to Marvin, Defendant Sanborn agreed and as a result, Plaintiff was enrolled in her class for Fall Semester 2003. (Id.).  In his Motion to Amend, Plaintiff seeks to add Marvin as a Defendant and asserts defamation, slander, and libel claims against him based on his affidavit, which was filed with the Court, along with Defendant's Special Report.

Plaintiff also seeks to add defamation, slander and libel claims against Defendant Sanborn; however, the factual basis of the claims against Sanborn is not clear.

2

**II. Discussion.**

Leave to amend a complaint after responsive pleadings have been filed "shall be freely given when justice so requires." FED.R.CIV.P. 15(a); See Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989). "[T]he district court may consider such factors as 'bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of amendment.'" Nolin v. Douglas County, 903 F.2d 1546, 1550 (11th Cir. 1990) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962)), overruled on other grounds, McKinney v. Pate, 20 F.3d 1550, 1559 (11th Cir. 1994). Permission to amend may be denied when the claim, as amended, is subject to dismissal. See Halliburton & Assoc. v. Henderson, Few & Co., 774 F.2d 441, 444 (11th Cir. 1985).

Turning first to Plaintiff's request to add Ernest Marvin as a Defendant, the undersigned notes that Plaintiff's Motion to Amend (Doc. 25) was filed on May 18, 2006; however, Marvin's comments to Sanborn occurred before fall semester 2003. Thus, it appears that almost three years elapsed between these dates. In Alabama, the statute of limitations for a § 1983 action is two years. Lufkin v. McCallum, 956 F.2d 1104, 1106, 1108 (11th Cir.), cert. denied, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l). Thus, to the extent that Plaintiff is seeking to hold Marvin liable for statements he made

to Sanborn before the Fall 2003 Semester, such claims are futile because they are barred by the statute of limitations.

With respect to Plaintiff's request to add defamation, libel, and slander claims against Defendant Sanborn, the undersigned observes that Plaintiff has not provided any factual bases for such claims in his Motion. Section 1983 provides a remedy for a violation "of rights, privileges, or immunities secured by the Constitution or laws of the United States." <u>Parratt v. Taylor</u>, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913 (1981), <u>overruled on other grounds by</u> <u>Daniels v. Williams</u>, 474 U.S. 327, 330-31, 106 S.Ct. 662, 664 (1986).  Thus, to establish a claim under Section 1983, Plaintiff is required to present factual grounds showing a violation of "rights, privileges, or immunities" of this magnitude. The gist of Plaintiff's proposed claims against Defendant Sanborn is defamation[1] which "is a tort actionable under the law of most States, but not a constitutional deprivation." <u>Siegert v. Gilley</u>, 500 U.S. 226, 233, 111 S.Ct. 1789, 1794 (1991).[2]  An interest in reputation is protected by state tort law, and is not a liberty or

---

[1]Defamation encompasses libel and slander.  Libel is to defame someone in a permanent medium, such as writing. BLACK'S LAW DICTIONARY, at p. 935 (8th ed. 2004).  Whereas, slander occurs in a short-lived form, such as speech. <u>Id.</u> at 1421.

[2]In <u>Siegert</u>, a psychologist sued his former supervisor for sending a defamatory reference to his prospective employer.  The Supreme Court found that no constitutional right was violated because defamation is a state tort claim and that the alleged defamation did not occur during the termination of employment. *Id.* at 227, 233, 111 S.Ct. at 1791, 1794.

4

property interest protected by the Due Process Clause. <u>Paul v. Davis</u>, 424 U.S. 693, 712, 96 S.Ct. 1155, 1165 (1976).³  Not only is the factual bases for Plaintiff's proposed defamation claim against Defendant Sanborn unclear, but Plaintiff has proffered nothing which suggests that such claims involve a violation of a constitutional right; thus, the proposed amendment fails to state a claim.⁴  Accordingly, for the foregoing reasons, Plaintiff's proposed amendments appear futile, and should therefore be denied.

Furthermore, upon review, the undersigned has determined that it is appropriate to convert Respondent's Answer (Doc. 22) and Special Report (Doc. 21) into a motion for summary judgment. Unlike a traditional civil action where the parties file a motion to dismiss or for summary judgment, in a prisoner civil rights

---

³In <u>Paul</u>, the plaintiff's picture was in a police flyer containing known shoplifters which was circulated to store owners. Later, the shoplifting charges against plaintiff were dismissed. Plaintiff sued because he feared that he would be arrested for shoplifting if he entered a store and that his employment opportunities would be impaired in the future, as evidenced by his current employer discussing the flyer with him and warning him that it must not happen again. The Supreme Court held that plaintiff's defamation claim did not state a claim under section 1983 because there is no liberty or property interest in one's reputation. *Id.* at 694, 712, 96 S.Ct. at 1157, 1166.

⁴Notwithstanding this discussion, Plaintiff's Motion in regard to Defendant Sanborn is due to be denied for an alternate reason, there is no documentation before the Court in the Motion concerning Plaintiff's specific claims against Defendant Sanborn. <u>See</u> <u>Long v. Satz</u>, 181 F.3d 1275, 1279 (11th Cir. 1999) (requiring that the amendment be attached to the motion or the substance of the amendment be included in the motion).

action filed in this District, the Court converts Special Reports and Answers into motions for summary judgment if, after review, the Court determines that a claim or the action can be resolved based on the evidence in the Court's file.  The undersigned notes that at the time Plaintiff filed his Motion to Amend, this action had already been pending eighteen months, and that to allow an amendment at this late stage will result in further delay of this action. See Brewer-Giorgio v. Producers Video, Inc., 216 F.3d 1281, 1284 (11th Cir. 2000) (affirming the denial of an amendment on the finding of undue delay in filing the amendment when the amendment filed one year after the action was filed and eight months after the time allowed by the scheduling order for filing amendments had expired).

**III.  Conclusion.**

Based upon the foregoing reasons, the undersigned hereby recommends that  Plaintiff's Motion to Amend (Doc. 25)be denied.

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this **26th** day of **February 2007.**

         /s/ SONJA F. BIVINS         
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**DONE** this **26th** day of **February 2007.**

         /s/ SONJA F. BIVINS      
         **UNITED STATES MAGISTRATE JUDGE**